**Matter of the Tax Liability of CIVIL RIGHTS CONGRESS for the years 1950, 1951 and 1952, William L. Patterson, Respondent.**

United States District Court
S. D. New York.
June 28, 1954.

Reuben Terris, New York City, for respondent.

J. Edward Lumbard, U. S. Atty., New York City, Whitney North Seymour, Jr., Asst. U. S. Atty., New York City, of counsel, for the United States.

McGOHEY, District Judge.

This matter came on to be heard on Judge Ryan's order which directed the respondent to show cause why he should not be adjudged in contempt by reason of his failure to comply with the Judge's order of June 2, 1954, and why he should not be committed until he does comply.

The respondent moved on his verified petition, at the same time, to set aside Judge Ryan's order of June 2.

The respondent was present at the argument of the motions and was represented by private counsel who argued in his behalf. There was neither offer of evidence nor request that the Court take it. Both sides relied on the sworn statements contained in their moving papers. From these the Court finds:

1. The respondent William L. Patterson is Executive Secretary of Civil Rights Congress.

2. The Civil Rights Congress' federal income tax returns for the years 1950, 1951 and 1952 are presently being examined by the Bureau of Internal Revenue. In connection therewith, the respondent was subpoenaed on May 12, 1954 to produce certain books and records of the Congress which contain the stubs of receipts for contributions of money. These documents are necessary and material to the inquiry. The respondent did not move to quash the

subpoena. He appeared pursuant to it, but did not produce the documents.

3. Thereafter, Judge Ryan, upon application of Special Agent Leonard Schutzman, made an order pursuant to T. 26 U.S.C.A. § 3633 directing the respondent to comply with the aforesaid subpoena, by producing the demanded books, etc. at 10 a.m. on June 4, 1954 at 253 Broadway, New York, N. Y., the office of the Special Agent. The respondent did not move to set aside Judge Ryan's order.

4. The respondent, accompanied by his counsel, appeared at the aforesaid office at 10 a.m. on June 4, 1954, but he did not produce the documents as directed. On the contrary, he then asserted that he would not produce the documents because he considered the direction to be an "illegal proceeding" and in excess of the Government's powers; and further that the documents were not necessary to the inquiry. He did not then assert or suggest that the documents were not available.

5. In his "petition" in support of his motion to set aside Judge Ryan's order of June 2, the respondent repeats the contentions set forth above, but does not assert or suggest that the documents are not available. The "petition" was verified June 4, 1954.

6. In an affidavit sworn to June 17, 1954, the day on which these matters were argued, the respondent asserts: "Until a short time ago, I was under the belief that the receipt books sought by the Bureau were available. I have recently found that these books are not available." The explanation offered is that the documents were lost or mislaid when the Civil Rights Congress moved its office in January 1953. It is significant that the alleged loss was discovered only when the respondent was faced with the motion to punish him for contempt. I do not accept this belated explanation as true.

7. I find that the attempted explanation, namely, that the demanded books were lost in January 1953, is not made in good faith.

8. I find that the failure to comply with Judge Ryan's order on and since June 4 was and still is wilful and deliberate disobedience of that order.

Accordingly, the motion to set aside Judge Ryan's order of June 2, 1954 is denied and the respondent is adjudged in contempt for his wilful and deliberate disobedience of said order.

He will be ordered committed to the custody of the Attorney General for a period of ninety days unless he sooner purges himself by complying with that order.

Settle order.